IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **OLGA FLORES-REYES.,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| § | | |
| **vs.** § | **CAUSE NO. _____** | |
| § | | |
| **EAGLE PASS INDEPENDENT** § | | |
| **SCHOOL DISTRICT.** § | | |
| § | | |
| § | | |
| § | | |
| § | | |
| *Defendant.* § | **JURY DEMANDED** | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**
---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, OLGA REYES, hereinafter referred to as Plaintiff, complaining of and about EAGLE PASS INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as Defendant, and for cause of action will show unto the Court as follows:

**I.
PARTIES AND SERVICE**

1. Plaintiff, OLGA FLORES-REYES, is a citizen of the United States and the State of Texas and resides in Eagle Pass, Maverick County, Texas.

2. Defendant, EAGLE PASS INDEPENDENT SCHOOL DISTRICT, within the State of

1

Texas and operating business in Eagle Pass, Maverick County, Texas.

3. Defendant EAGLE PASS INDEPENDENT SCHOOL DISTRICT., may be served with service of process by serving its Registered Agent of Service: Superintendent Eagle Pass Independent School District, Mr. Samuel Mijares, at 587 Madison St., Eagle Pass, Texas 78852 USA.

## II.
## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff is suing Defendant under Title VII of the Civil Rights Act of 1963, for violating the federally guaranteed rights, as well as analogous state law claims under the Texas Labor Code (Ch. 21).

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Western District of Texas, Del Rio Division, as a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## III.
## NATURE OF ACTION

6. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 and Ch. 21 of the Texas Labor Code and, to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's sex (gender) and related hostile environment sexual harassment and retaliation for opposing such unwelcomed conduct.

2

## IV.
## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

## V.
## FACTS

8. EPISD hired Ms. Flores on or about October of 2016 as a substitute bus driver. As she continued to work, she was promoted to part-time bus driver.

9. Notably, the Transportation Supervisor(s) (Manrique Fuentes & Darrel Ibarra) had a reputation for treating women bus drivers like their own sexual entertainment by holding me and others' daily assignments, until they finished satisfying their sexual desires (i.e. masturbating in front of women staff). Moreover, the Supervisor(s) would instruct her to wear make-up (i.e. "put on lipstick," and "fix your hair") to gratify their own sexual desires (i.e. masturbate in my presence while she waited to be given her daily assignment) while on-the-job. Notably, this treatment took place approximately 12-13 times between October 2016 through November 2017.

10. This sexual harassment/discrimination continued for a period of about fourteen (14) months, despite her complaint to EPISD on November 2, 2017 to the Director of Transportation (Manuel Reyes) and through Deputy Superintendent (Edward Trevino).

11. After this protected complaint, EPISD took steps to transfer Ms. Flores to work alongside different Transportation Supervisors until May 2019. On or about May 15, 2019, despite her protected complaints about sexual harassment, the Director of Transportation (Mr. Araiza) forced her to work with Mr. Fuentes and Mr. Ibarra (the same Supervisors that

sexually harassed and objectified me by masturbating in my presence before work assignments were distributed.

12. Moreover, the client has testimony from an insider within EPISD (Transportation Director at the time) that demonstrates that EPISD failed to properly address Plaintiff's complaints of sexual discrimination/harassment, and EPISD purposefully sought to cover up the reported sexual discrimination.

13. Specifically, after taking action to protect Plaintiff from the Transportation Supervisors (Manrique Fuentes & Darrel Ibarra), the Transportation Director was notified by Lupita Fuentes (EPISD School Board President) that this matter would not proceed any further despite no investigation, and besides all males at one time or another grab themselves, it's just nature. Moreover, this same refusal to act on the protected complaint was made clear by Eduardo Trevino (Deputy Superintendent for District Operations), despite agreeing with the immediate decision to move Ms. Flores out of the supervision of Mr. Fuentes and Mr. Ibarra.

14. No investigation was taken following Ms. Flores' protected complaint, the accused Supervisors were not investigated, and instead EPISD failed to properly investigate the matter.

## VI.
## SEX (GENDER) DISCRIMINATION
## UNDER TITLE VII OF CIVIL RIGHTS ACT OF 1964 / CH. 21 OF TEXAS LABOR CODE

15. Plaintiff incorporates by reference the allegations contained in paragraphs above, as if fully rewritten herein.

16. Defendant intentionally engaged in unlawful employment practices against Plaintiff on the

4

basis of her SEX (gender) in violation of 42 U.S.C. Sec. 2000e et seq., and Section 21.051 of the Texas Labor Code.

17. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's SEX (gender) in violation of 42 U.S.C. Sec. 2000e et seq., and Section 21.051 of the Texas Labor Code.

18. Defendant discriminated against Plaintiff in the form of differential treatment with regard to employment, including continuing her employment in the form of hostile environment sexual harassment.

## VII.
## RETALIATION
## PURSUANT TO TEXAS LABOR CODE (CH.21) § 21.055 / TITLE VII OF CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates by reference the allegations contained in paragraphs above, as if fully rewritten herein.

20. Defendant has retaliated against Plaintiff in violation of the 42 U.S.C. Sec. 2000e et seq., and Texas Labor Code § 21.055. (Ch.21) by taking adverse employment actions against her after she opposed the illegal, unwelcomed sexual advances thrusted on her.

21. Defendant retaliated against Plaintiff in the form of constructive termination after opposing illegal, unwelcomed sexual advances.

## VIII.
## DAMAGES

22. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

5

a)   Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. Sec. 2000e et seq., and the Texas Labor Code.

b)   Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c)   All reasonable and necessary costs in pursuit of this suit, including attorney's fees pursuant to 42 U.S.C. Sec. 2000e et seq., and Texas Labor Code.

d)   Punitive damages for the intentional sex discrimination and reckless indifference to the state and federal protected rights of Olga Flores-Reyes.

## IX.
## JURY DEMAND

23.   Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, OLGA FLORES-REYES, respectfully prays that Defendant, EAGLE PASS INDEPENDENT SCHOOL DISTRICT., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Daniel J. Salas
Texas Bar No. 24102445
2603 Augusta Dr., Suite 1450
Houston, TX 77057
Main: 713-742-0900
Fax: 713-742-0951
**ATTORNEYS FOR PLAINTIFF**
**OLGA FLORES-REYES**